UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARK C.,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of the Social Security Administration,<br><br>    Defendant. | **REPORT AND RECOMMENDATION TO GRANT THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 9)**<br><br>Case No. 2:23-cv-00699<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Mark C.[1] filed this action for judicial review of the denial of his application for disability income benefits by the Commissioner of the Social Security Administration.[2] The Commissioner filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing this action was untimely filed.[3] Mr. C. responded, arguing the filing deadline should be equitably tolled because he has psychiatric impairments.[4] In support of their arguments, both parties relied on declarations and exhibits outside the pleadings.[5] Accordingly, the court converted the

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including social security cases, the court refers to Plaintiff by his first name and last initial only.

[2] (*See* Compl., Doc. No. 1.)

[3] (*See* Def.'s Mot. to Dismiss ("Mot."), Doc. No. 9.)

[4] (Pl.'s Mem. in Opp'n to Comm'r's Mot. to Dismiss ("Opp'n"), Doc. No. 10.)

[5] (*See* Ex. 1 to Mot., Decl. of Janay Podraza, Doc. No. 9-1; Ex. 1 to Opp'n, Psych. Evaluation, Doc. No. 10-1.)

1

motion to dismiss to a motion for summary judgment.[6]  As explained below, because Mr. C. filed his complaint late and has failed to show he is entitled to equitable tolling, the Commissioner's motion for summary judgment should be granted.

## LEGAL STANDARDS

Summary judgment may be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7]  In evaluating a motion for summary judgment, the court views "the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[8]  A party asserting a fact cannot be or is genuinely disputed on summary judgment must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[9]  This means "[u]nsupported conclusory allegations [] do not create a genuine issue of fact,"[10] and "mere speculation unsupported by evidence is insufficient to resist summary judgment."[11]

---

[6] (*See* Order Converting Mot. to Dismiss to a Mot. for Summ. J. 2–3, Doc. No. 12.)  This case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 7.)

[7] Fed. R. Civ. P. 56(a).

[8] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

[9] Fed. R. Civ. P. 56(c)(1).

[10] *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000).

[11] *Martinez v. CO2 Servs.*, 12 F. App'x 689, 695 (10th Cir. 2001) (unpublished) (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144–45 (10th Cir. 1998)).

Under section 205 of the Social Security Act, claimants may seek judicial review of the Commissioner's decision by filing a case in a federal district court within sixty days after receiving notice of the final decision.[12] This sixty-day period is not jurisdictional—it is a statute of limitations which may be equitably tolled in rare circumstances by the Commissioner or a court.[13] To be entitled to equitable tolling, a plaintiff must show he diligently pursued his claims and his failure to timely file was caused by "extraordinary circumstances" beyond his control.[14] Absent circumstances justifying equitable tolling, courts strictly apply the sixty-day filing deadline.[15]

## BACKGROUND

Mr. C. applied for disability insurance benefits on July 6, 2021, alleging he became disabled on April 30, 2017.[16] After a hearing, an Administrative Law Judge denied Mr. C.'s disability claim on February 27, 2023.[17] On July 20, 2023, the Social

---

[12] *See* 42 U.S.C. §§ 405(g) ("[A claimant] may obtain review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."), 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

[13] *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).

[14] *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007); *see also Baynham v. Colvin*, No. 14-2053, 2014 U.S. Dist. LEXIS 73742, at *4 (D. Kan. May 30, 2014) (unpublished) (citing *Fleming*, 481 F.3d at 1254).

[15] *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437–38 (6th Cir. 2007) (affirming dismissal of case filed one day late, noting the "lack of a clear filing deadline could create havoc in the [Social Security] system"); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (dismissing complaint filed six days late, noting "the 60-day filing requirement is strictly construed" (citing *Bowen*, 476 U.S. at 479)).

[16] (Compl. ¶ 3, Doc. No. 1.)

[17] (*Id.* ¶ 4.)

Security Administration Appeals Council denied Mr. C.'s request for review,[18] making the decision final for purposes of judicial review.

To obtain judicial review of the Commissioner's decision, Mr. C. needed to file his suit within sixty days of the date he received the Appeals Council's denial of review.[19] Because the date of receipt is presumed to be July 25, 2023 (five days after the date of the notice),[20] Mr. C. had until September 25, 2023 to file.[21]  Mr. C. filed suit on October 3, 2023, eight days after the deadline.[22]

In his motion to dismiss, the Commissioner argues Mr. C.'s complaint is untimely because he failed to file it within the sixty-day deadline.[23]  Although the Commissioner acknowledges courts can equitably toll the deadline in some circumstances, he argues Mr. C. has not shown (and cannot show) he is entitled to equitable tolling.[24]  Mr. C. responded, arguing he only filed his complaint late because he has "significant psychiatric impairments including schizophrenia."[25]  Mr. C. also contends that where the

---

[18] (*See* Ex. 1 to Mot., Decl. of Janay Podraza ¶ 3(a), Doc. No. 9-1.)  Mr. C. does not contest this date.

[19] 42 U.S.C. § 405(g).

[20] *See* 20 C.F.R. §§ 404.901, 422.210(c).

[21] Sixty days after July 25, 2023, was September 23, 2023, a Saturday.  The next business day was September 25, 2023.

[22] (*See* Compl., Doc. No. 1.)

[23] (*See* Mot. 2, Doc. No. 9.)

[24] (*Id.* at 5–7.)

[25] (Opp'n 2, Doc. No. 10.)

court does not have the administrative record, it cannot evaluate whether Mr. C.'s impairments justify equitably tolling the filing deadline.[26]

Because the parties' briefing on the motion to dismiss relied on declarations and exhibits outside the pleadings, the court converted the motion to a motion for summary judgment, and gave the parties an opportunity to submit additional material.[27]  Neither party filed any additional briefs or evidence.

## ANALYSIS

As noted above, Mr. C. acknowledges filing his complaint late, but argues his psychiatric impairments prevented him from filing on time.  Because Mr. C. has not established a link between his impairments and his untimely filing, the Commissioner's motion for summary judgment should be granted.

Mr. C. argues he was unable to timely file his complaint because he has "significant psychiatric impairments including schizophrenia."[28]  In support of this argument, Mr. C. submitted a psychiatric evaluation showing a schizophrenia diagnosis.[29]  Mr. C. contends this impairment constitutes "extraordinary grounds which justify an equitable tolling of the statute of limitations."[30]

The problem is that Mr. C. fails to articulate any connection between his impairment and his failure to file his complaint on time.  And no such link is visible from

---

[26] (*Id.* at 3.)

[27] (*See* Order Converting Mot. to Dismiss to a Mot. for Summ. J. 2, Doc. No. 12.)

[28] (Opp'n 2, Doc. No. 10.)

[29] (*See* Ex. 1 to Opp'n, Psych. Evaluation, Doc. No. 10-1.)

[30] (Opp'n 3, Doc. No. 10.)

the face of the evaluation.[31]  For instance, nowhere in the evaluation does the psychologist make findings suggesting Mr. C. would be unable to comply with deadlines.  In fact, the psychiatric evaluation includes numerous findings suggesting Mr. C. can meet deadlines.  The psychologist notes Mr. C. works "Monday through Friday, eight hours a day," "his concentration is adequate and he is able to stay on task at work," and he "has the intellectual capability to manage his finances independently."[32]  Neither Mr. C. nor the psychiatric evaluation explains how schizophrenia led to a delay.  Accordingly, even if Mr. C. had established a schizophrenia diagnosis was an "extraordinary circumstance" (which he has not),[33] he has failed to show this impairment caused him to file his complaint late.[34]

Mr. C. also contends the court cannot determine whether his psychiatric impairments justify equitable tolling without reviewing the administrative record (which has not yet been submitted).[35]  But even before the court converted the Commissioner's

---

[31] Portions of the evaluation are unreadable due to poor print/copy quality.  (*See* Ex. 1 to Opp'n, Psych. Evaluation, Doc. No. 10-1.)  Yet despite the opportunity to submit additional materials, Mr. C. neglected to submit a more readable copy.

[32] (*Id.* at 3, 6.)

[33] *Cf., e.g., Nasious v. City & Cnty. of Denver*, 415 F. App'x 877, 882 (10th Cir. Feb. 22, 2011) (unpublished) (finding extraordinary circumstances where an erroneous district court order caused the plaintiff to miss filing deadlines); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (noting equitable tolling is appropriate "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" (internal citations omitted)).

[34] *See Fleming*, 481 F.3d at 1254 (noting a deadline may be equitably tolled if the claimant "demonstrates that the *failure to timely file was caused by* extraordinary circumstances" (emphasis added)).

[35] (Opp'n 3, Doc. No. 10.)

motion to dismiss to a motion for summary judgment, Mr. C. submitted extra-record materials (the psychiatric evaluation) in support of his equitable tolling argument.[36] And upon converting the motion, the court expressly gave both parties permission to "file any additional material pertinent to the motion" and to submit an accompanying brief.[37] Mr. C. neglected to submit any additional material, despite the opportunity to do so. Accordingly, Mr. C.'s argument, that the court has insufficient information, falls flat.

While Mr. C. only missed the filing deadline by eight days, courts have uniformly applied this deadline strictly.[38] Where Mr. C. has failed to support his equitable tolling argument, this deadline should be enforced.

## RECOMMENDATION

Because Mr. C.'s complaint was untimely filed and he has failed to show he is entitled to equitable tolling, the undersigned recommends the district judge grant the Commissioner's motion for summary judgment.[39] The court will send this Report and Recommendation to all parties, who are notified of their right to object to it. Any

---

[36] (*See* Ex. 1 to Opp'n, Psych. Evaluation, Doc. No. 10-1.)

[37] (Order Converting Mot. to Dismiss to a Mot. for Summ. J. 2, Doc. No. 19.)

[38] *See, e.g.*, *Leslie*, 695 F. Supp. at 507 (dismissing complaint filed six days late); *Cleland v. Colvin*, No. 2:12-cv-00684, 2013 U.S. Dist. LEXIS 130595, at *6 (D. Utah Sept. 11, 2013) (unpublished) (dismissing complaint filed two days late); *Cook*, 480 F.3d at 437–38 (affirming dismissal of case filed one day late); *Flores v. Sullivan*, 945 F.2d 109, 111–13 (5th Cir. 1991) (affirming dismissal of complaint filed seven days late).

[39] (Doc. No. 9.)

objection must be filed within fourteen days of service.[40]  Failure to object may be considered a waiver of objections.

DATED this 5th day of June, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[40] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).